O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAN HUMPHREY, ) | CASE NO. ED CV 09-01220 RZ |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, ) | |
| Defendant. ) | |

   The Commissioner candidly concedes the three errors that Plaintiff asserts in this action. However, the Commissioner argues, the errors each were harmless, and thus do not justify reversal.

   In recent opinions, the Court of Appeals has discussed the harmless error doctrine as it applies in Social Security decisions. In *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006), the Court of Appeals held that an error is harmless if it is inconsequential to the ultimate nondisability determination. In the context of the failure to discuss favorable lay testimony, the Court held that the error cannot be considered harmless unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." 454 F.3d at 1056.

Subsequently, in *Carmickle v. Commissioner*, 533 F.3d 1155 (9th Cir. 2008), the Court considered the harmless error analysis in the context of a credibility determination. The Court found that two of the four reasons given by the Administrative Law Judge for discrediting the claimant were not valid. It held, however, that the other two reasons still provided substantial evidence in support of the decision, and thus that the error was harmless. 533 F.3d at 1162. The *Carmickle* court pointed out that *Stout* was a different context, a context of a failure to consider the evidence at issue. 533 F.3d at 1163.

Plaintiff here asserts that the Administrative Law Judge did not consider the State agency reviewing physician's findings, did not address the treating physician's disability determination, and did not consider the nurse's assessment of Plaintiff's status. The failure to consider the nurse's status was harmless, because, as Plaintiff himself acknowledges, a nurse is not an acceptable medical source under the Social Security regulations. 20 C.F.R. §§ 404.1502, 404.1513(a), (d). An administrative law judge has the discretion to consider evidence from other sources, but is not required to do so. Accordingly, the failure to do so cannot be error that justifies reversal, without more.

The same cannot be said for the other failures, however. Since they are failures to consider evidence, as opposed to errors in the consideration of evidence, *Stout* is the controlling authority, as *Carmickle* explains. An opinion of a treating physician is given greater weight than the opinion of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001). The Commissioner, of course, may reject the opinion of a treating physician, but he must make specific kinds of findings in doing so. *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If he must make specific findings, that is a pretty good indication that he cannot ignore the opinion.

Likewise, the regulations enjoin upon the Commissioner the duty to consider findings made by the state agency medical consultants. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). If the regulations require that the opinions be considered, the failure to do so cannot be justified on the grounds that other evidence also was considered.

1  The Court cannot say that the opinions, if considered, would not have changed
2 the ultimate nondisability decision, *Stout*, 454 F.3d at 1056; the reverse may well be the
3 case. In accordance with *Stout* and *Carmickle*, therefore, the errors cannot be considered
4 harmless, and the Commissioner's decision cannot stand. The matter is reversed, and
5 remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: June 30, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE